# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| HERMAN LEE BARTON JR., | CASE NO. C17-1105JLR |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES SENATE, | |
| Defendant. | |

## I. INTRODUCTION

Before the court are *pro se* Plaintiff Herman Lee Barton Jr.'s complaint (Compl. (Dkt. # 5)) and Magistrate Judge James P. Donohue's order granting Mr. Barton *in forma pauperis* ("IFP") status and recommending that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) before issuing summons (IFP Order (Dkt. # 4)). The court finds that Mr. Barton's claims are frivolous and that he fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The court also finds that amendment of Mr. Barton's

//

frivolous claims would be futile. The court therefore DISMISSES Mr. Barton's complaint with prejudice pursuant to Section 1915.

## II. BACKGROUND

Mr. Barton sues Defendant United States Senate for failing to set a sufficient monthly social security benefit in Whatcom County, Washington. (Compl. at 2.) He asserts that the minimum cost of living in Whatcom County is $1,775.00 per month, or $21,300.00 per year, and that irrespective of whether a disabled person has paid federal taxes, "the cost of living is still the cost of living." (*Id.*) Accordingly, he seeks to hold a jury trial on the cost of living and obtain declaratory and injunctive relief setting these cost of living values for purposes of calculating social security benefits. (*Id.* at 3.) He also asserts that disabled people "should have" a constitutional right to a good quality of life. (*Id.* at 2.)

## III. ANALYSIS

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id.* Furthermore, although "the allegations of [a *pro se* plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than normal pleadings

drafted by lawyers,'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), dismissal remains appropriate where "a liberal construction does not remedy the palpable deficiencies in [the] complaint," *Wallmuller v. Russell*, No. C14-5121RBL-JRC, 2014 WL 2475978, at *2 (W.D. Wash. June 3, 2014).

The allegations in Mr. Barton's complaint do not give rise to a plausible inference of liability and evince the frivolity of his claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). Mr. Barton fails to identify any legal authority supporting entitlement to the relief he seeks or this court's ability to effectuate that relief. (*See* Compl. at 2-4.) Indeed, Mr. Barton tacitly acknowledges that he has no constitutional right that supports the relief he seeks. (*Id.* at 2 (arguing that disabled people "should have" a constitutional right to "good quality of life").) Furthermore, United States Senators enjoy immunity for actions taken in their legislative capacity. *See San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 476 (9th Cir. 1998). Finally, to the extent Mr. Barton challenges his social security benefit, the United States Senate is not the appropriate defendant, *see* 42 U.S.C. § 405(g), this suit is not the appropriate vehicle, *see* 20 C.F.R. § 416.1481, and he appears to already have a lawsuit pending in this district that challenges his benefits, *see Barton v. Berryhill*, No. C17-0609DWC (W.D. Wash.), Dkt. # 10 at 2 (suing Acting Commissioner of the Social Security Administration Nancy A. Berryhill for paying insufficient benefits); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *Bailey*, 846 F.2d at 1021 ("[C]ourts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of [Section

1915]."). Accordingly, the court concludes that Mr. Barton's lawsuit fails to state a claim for relief and is frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). The incurable legal shortcomings make it "absolutely clear" that amendment could not remedy the defects in Mr. Barton's complaint, and the court accordingly denies leave to amend. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## IV. CONCLUSION

Based on the foregoing analysis, the court DISMISSES Mr. Barton's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

Dated this 2d day of August, 2017.

JAMES L. ROBART
United States District Judge